UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-66-MOC-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HENRY WILLIAM HUMPHREYS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's motion for sentence reduction under Amendment 821 of the United States Sentencing Guidelines. (Doc. Nos. 26, 27). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny Defendant's motion.

Amendment 821 made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal justice sentence as described above. Id.

1

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal history points. U.S.S.G. amend. 821 pt. B.

Defendant contends that he is eligible for sentence reduction under Amendment 821 because the probation office assessed "Status Points" in calculating his criminal history score. Not so. Defendant does not appear to have committed his offense while under a criminal justice sentence. And the Presentence Investigation Report indicates that Defendant's criminal history category of III was based solely on his criminal history score, which was in turn based solely on his prior convictions. (Doc. No. 19 at 15). Thus, Defendant is ineligible for sentence reduction under Part A of Amendment 821.

Defendant is likewise ineligible for sentence reduction under Part B of the Amendment. Part B, Subpart 1 authorizes a two-offense-level decrease for defendants who had zero criminal history points. Here, Defendant had six criminal history points.

Because Defendant is ineligible for sentence reduction under Amendment 821, his motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for sentence reduction under Amendment 821 of the United States Sentencing Guidelines (Doc. No. 26) is **DENIED**.

Max O. Cogburn Jr.
United States District Judge